1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY J. LEE,

11            Petitioner,              No. CIV S-06-1290 FCD DAD P

12        vs.

13   D.K. SISTO,[1] et al.,            ORDER AND

14            Respondents.            FINDINGS AND RECOMMENDATIONS

15   _____/

16            Petitioner is a state prisoner proceeding pro se with an application for writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Respondents have moved to dismiss the petition on

18   the ground that petitioner failed to exhaust state court remedies on the claim presented to the

19   federal court.  Petitioner has not filed opposition to the motion to dismiss but has filed a request

20   for a stay pending exhaustion of all claims.

21                       PROCEDURAL HISTORY

22            Petitioner is challenging a Butte County Superior Court judgment of conviction

23   entered on April 1, 2003,  pursuant to his negotiated plea of guilty to one charge of corporal

24

25        [1]  Respondents indicate in their motion that petitioner incorrectly named Tom Carey as
     the warden of California State Prison-Solano instead of D.K. Sisto.  The court will substitute
26   D.K. Sisto for Tom Carey as respondent.

1   injury upon a spouse in violation of California Penal Code §§ 273.5(a) and his admissions to a

2   prior strike and the allegation of a penalty enhancement.  (Pet. at 1[2] & Ex. A at 3; Mot. to

3   Dismiss at 1.)  Petitioner received a sentence of ten years in state prison.  (Pet. at 1.)

4           On appeal, petitioner challenged the denial of presentence credits.  (Pet., Ex. A;

5   Mot. to Dismiss at 1.)  The California Court of Appeal for the Third Appellate District affirmed

6   the judgment on December 28, 2004.  (Pet. at 2; Mot. to Dismiss at 1.)  On rehearing, the same

7   court denied petitioner's additional claim of Blakely error and affirmed the judgment a second

8   time on January 20, 2005.  (Pet. at 2-3 & Exs. B & E; Mot. to Dismiss at 1-2.)  In a petition for

9   review filed in the California Supreme Court on March 1, 2005, petitioner presented only the

10  Blakely claim; on April 14, 2005, the California Supreme Court denied review.  (Pet. at 2 & Ex.

11  C; Mot. to Dismiss at 2.)  Petitioner affirmatively alleges that he has not filed any petitions,

12  applications, or motions other than the petition for rehearing filed in the California Court of

13  Appeal.  (Pet. at 2.)

14          In federal court, petitioner seeks relief only on the following ground:

15          Ground one:  Due process violation U.S.C.A. 1st 4th 5th 6th 8th
            13th 14th; CONVICTION OBTAINED BY PLEA
16          UNLAWFULLY.  ON MENTAL PATIENT

17          Supporting FACTS (state *briefly* without citing cases or law):
            Please see Mental records; Of patient, i.e.. prisoner.  Which
18          brought about by "death" of Son.  Please see exhibits C ¶ And the
            Appeals Brief brought by attorneys.  which give not!

19

20  (Pet. at 4.)

21                          THE PARTIES' ARGUMENTS

22          Respondents cite the exhaustion requirement of 28 U.S.C. 2254(d)(1)(A) and

23  assert that the due process claim presented to this court has not been exhausted by presentation to

24  the California Supreme Court.  Respondents note that the only claim presented to the state's

25  _____

26      [2] The court cites the page numbers assigned to the petition during the electronic filing
    process.

1  highest court on direct appeal alleged Blakely error.  Respondents argue that the entire petition is

2  unexhausted and must be dismissed.

3         In his request for stay, petitioner alleges that all claims have been brought before

4  the highest state court.  He states that the California Supreme Court sometimes takes more than

5  90 days to act.  He requests that this court issue a stay and allow him to amend his petition after

6  the California Supreme Court issues a denial.

7                                          ANALYSIS

8         State courts must have the first opportunity to decide a state prisoner's habeas

9  corpus claims.  Rhines v. Weber, 544 U.S. 269, 273 (2005) (citing Rose v. Lundy, 455 U.S. 509,

10 518-19 (1982)).  In general, a state prisoner's application for a writ of habeas corpus will not be

11 granted unless "the applicant has exhausted the remedies available in the courts of the State."  28

12 U.S.C. § 2254(b)(1).  A state will not be deemed to have waived the exhaustion requirement

13 unless the state, through counsel, expressly waives the requirement.  28 U.S.C. § 2254(b)(3).  A

14 petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all

15 federal claims before presenting the claims to the federal court.  Duncan v. Henry, 513 U.S. 364,

16 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d

17 861, 865 (9th Cir. 1996).

18        In this case, petitioner's federal habeas petition includes a copy of the petition for

19 review he filed in the California Supreme Court.  (Pet., Ex. C.)  The question presented in that

20 petition is as follows:  "Where a defendant is convicted of corporal injury to cohabitant, after a

21 plea of guilty, may the sentencing judge impose the upper term on that count in light of Blakely

22 v. Washington?"  (Id.)  The federal habeas petition also contains petitioner's affirmative

23 allegation that, other than his direct appeal, he has not filed any petitions, applications, or

24 motions except the petition for rehearing filed in the California Court of Appeal.  In his request

25 for stay, petitioner appears to indicate that he has filed a petition in the California Supreme Court

26 and is awaiting a ruling.

1    District courts have the discretion to hold a fully exhausted petition or a mixed

2  petition in abeyance pending exhaustion of unexhausted claims.  Rhines, 544 U.S. at 277;

3  Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000).  The petition in this action does not

4  allege any exhausted claim.  The wholly unexhausted petition cannot be stayed and must be

5  dismissed.  See Jimenez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (holding that once the

6  respondent moved for dismissal, the district court was obliged to dismiss the petition

7  immediately, as the petition contained no exhausted claims); Greenawalt v. Stewart, 105 F.3d

8  1268, 1274 (9th Cir. 1997).  See also Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006)

9  ("Once a district court determines that a habeas petition contains only unexhausted claims, it

10  need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the

11  habeas petition for failure to exhaust.")  The undersigned will recommend that this action be

12  dismissed without prejudice to the filing of a new federal habeas case after petitioner has

13  properly exhausted state court remedies on all federal claims.

14    In accordance with the above, IT IS HEREBY ORDERED that D.K. Sisto is

15  substituted for Tom Carey as respondent in this action and the parties shall reflect this change in

16  the caption of all subsequent filings; and

17    IT IS RECOMMENDED that:

18    1. Respondents' August 18, 2006 motion to dismiss be granted;

19    2. Petitioner's September 18, 2006 request for stay be denied; and

20    3. This action be dismissed without prejudice because the application for a writ of

21  habeas corpus raises only an unexhausted claim.

22    These findings and recommendations will be submitted to the United States

23  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

24  twenty days after being served with these findings and recommendations, any party may file and

25  serve written objections with the court.  A document containing objections should be titled

26  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections

1  shall be filed and served within ten days after service of the objections.  The parties are advised

2  that failure to file objections within the specified time may, under certain circumstances, waive

3  the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

4  1991).

5  DATED: October 20, 2006.

6

7  _____

   DALE A. DROZD

8  UNITED STATES MAGISTRATE JUDGE

9  DAD:13
   lee1290.mtd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26